United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 27, 2006**

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 06-50626
Summary Calendar

ANDREA OGREY,

Plaintiff-Appellee,

v.

STATE OF TEXAS,

Defendant-Appellant.

Appeal from the United States District Court for the
Western District of Texas
No. 3:05-CV-5

Before DAVIS, BARKSDALE, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Andrea Ogrey brought this suit against the State of Texas in federal court alleging that portions of the Texas Transportation Code are unconstitutional. Texas never waived its Eleventh Amendment immunity to suit.

These are all the facts—facts that were never substantially

---

[*] Pursuant to 5th Cir. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

refuted—the district court needed to dismiss this claim. Nevertheless, the court denied Texas's summary judgment motion to dismiss, apparently as a sanction for Texas's repeated failures to file its motions properly.

We DISMISS this suit because Texas is immune from it under the Eleventh Amendment.[1] We note that this disposition's delay, and the accompanying drain on resources for each party and the court system, was caused in large part by Texas's repeated and inexplicable failures to comply with the district court's standing orders for filing motions. But the district court cannot exercise jurisdiction where none properly exists as a sanction for such behavior, so this suit must be dismissed.

## I.  BACKGROUND

Ogrey brought suit against Texas *pro se* seeking $100,000 in damages and to have her driver's license reinstated. She complains that, having received two tickets and paid penalties for failure to maintain automotive insurance, Texas continues to subject her to residual and duplicative punishments. In addition to her initial fines, she is allegedly required to maintain proof of insurance

---

[1] The Eleventh Amendment reads, "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. CONST. amend. XI. While unapparent from the text, it is well established that this immunity extends to suits brought against a state by its own citizens. *See Hans v. Louisiana*, 134 U.S. 1, 16-21 (1890).

subject to monitoring for two years. She is also required to pay $260 a year for the next three years as a surcharge for receiving two such tickets within a 36-month window. Unable to pay the surcharge, Ogrey's license was revoked.

Texas responded with a motion to dismiss the complaint for lack of jurisdiction and failure to state a valid claim, based on its Eleventh Amendment immunity. *See* FED. R. CIV. PRO. 12(b)(2), 12(b)(6). Texas's initial motion was denied for failure to comply with one of the court's standing orders. The subsequent properly filed motion was denied as based on "one citation to general legal authority" that the court found to be "in no way dispositive," although Ogrey at this point had yet to allege in any way that Texas waived its sovereign immunity.

Texas next filed its motion for summary judgment. *See* FED. R. CIV. PRO. 56(b). This motion contained significantly improved legal analysis. Once again, it failed to comply with one of the court's standing orders, that read in relevant part, "[t]here shall be annexed to a motion for summary judgment a document entitled 'Proposed Undisputed Facts,' which sets forth in separately numbered paragraphs a concise statement of each material fact." Failure to comply could result in sanctions, "including . . . when the opponent fails to comply, an order granting the motion."

While all the facts necessary to dismiss were set forth in Texas's summary judgment motion, they were not presented in the

3

appropriate annexed form. The district judge dismissed the motion and began preparation for trial. Texas brought this interlocutory appeal.

## II. ANALYSIS

The Eleventh Amendment confers immunity upon a state from a suit brought against it by one of its citizens. That immunity can only be abrogated if (1) Congress, subject to limitations, "expresse[s] in unmistakable statutory language its intention to allow States to be sued in federal court," *Welch v. Tex. Dep't of Highways & Pub. Transp.*, 483 U.S. 468, 475 (1987), or (2) if the state itself makes a "clear declaration that it intends to submit itself to our jurisdiction." *Coll. Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense*, 527 U.S. 666, 675-76 (1999).

Ogrey has been unable to point to any indication that Congress has abrogated or Texas has waived its immunity. She generally alleges that Texas has waived its immunity by entering into activities regulated by Congress, but it's unclear what activities she is referring to and how they are tied to Congress's explicit abrogation of Texas's immunity. Throughout her claim, she relies on preemption analysis to assert that the Texas Transportation Code obstructed federal legislation and was therefore, in light of the Supremacy Clause, constitutionally ineffective. U.S. CONST. art. VI cl. 2. Her argument is impressive, especially considering she is a *pro se* plaintiff with

4

no readily apparent legal background.

While she may be correct, that a law may be federally preempted would not alone abrogate Eleventh Amendment immunity. *See Welch*, 483 U.S. at 475-79. Unless she can point to specific language explicitly abrogating or waiving Eleventh Amendment immunity, any valid complaint she has will be against a different defendant or in a different court. For instance, a suit to reinstate her license brought against an individual official responsible for revoking it, rather than the state, might survive an Eleventh Amendment immunity claim. *See generally Ex Parte Young*, 209 U.S. 123, 159-60 (1908).

Unfortunately, the district court never addressed whether Texas was due Eleventh Amendment immunity from suit. Instead, this case has gone on far too long because of Texas's inability to comply with the district court's standing order for filing summary judgment motions. Presumably, if Texas had annexed its "Proposed Undisputed Facts" to its summary judgment motion to dismiss, it would have been granted. Instead, the case continues as both parties and the court system waste time and money.

Nonetheless, the district court cannot sanction a party by exercising jurisdiction where it is lacking. Considering that sovereign immunity is similar to a subject matter jurisdiction bar, the district court should have considered the sovereign immunity issue and reached a conclusion, even if technically improperly

presented. The court could have considered the issue had it gone *entirely unraised*. *See Perez v. Region 20 Educ. Serv. Ctr.*, 307 F.3d 318, 333 n.8 (5th Cir. 2002) ("[W]e may consider this [sovereign immunity] issue *sua sponte* because it bears on this court's subject matter jurisdiction.").[2] In either case we can consider it here, as "[t]he Eleventh Amendment defense sufficiently partakes of the nature of a jurisdictional bar so that it need not be raised in the trial court." *Edelman v. Jordan*, 415 U.S. 651, 678 (1974).

## III. CONCLUSION

This suit is DISMISSED for want of jurisdiction because Texas has Eleventh Amendment immunity.

---

[2] That is not to say that a court *must* consider a sovereign immunity issue on its own motion. *See Patsy v. Board of Regents of Fla.*, 457 U.S. 496, 516 n.19 (1982) ("[W]e have never held that [the Eleventh Amendment] is jurisdictional in the sense that it *must* be raised and decided by this Court on its own motion.") (emphasis added).